UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO. 21-20491
                                             HON. DENISE PAGE HOOD

v.

TONYA TROWELL,

       Defendant.
       _____/

**ORDER DENYING DEFENDANT'S
MOTION TO SET ASIDE JUDGMENT [#50]**

On October 13, 2021, Defendant pleaded guilty to Count 1 of the Information, theft of government funds under 18 U.S.C. § 641. ECF No. 11. On February 3, 2022, Judgment was entered in this case, and Defendant was sentenced to 12 months and 1 day incarceration. ECF No. 19. On March 23, 2022, Defendant filed a Motion for Reconsideration, ECF No. 20, asking the Court to dismiss her case with prejudice because the case was brought against Defendant, identified as Tonya Trowell, not her full legal name is Tonya Cristy Trowell. After reviewing that motion and supporting brief, as well as other documents filed by Defendant, the Court concluded that there was "no basis for concluding that Defendant's conviction pursuant to her guilty plea -- or the sentenced imposed upon Defendant -- violates the United States

Constitution." ECF No. 31, PageID.297.  On February 15, 2023, Defendant was released from prison.

On March 8, 2023, Defendant filed a Motion to Set Aside Judgment for Fraud on the Court. ECF No. 50.  Defendant asserts that the case against her should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3) and Federal Rule of Civil Procedure 12(b)(3) and (6).

The Court denies the Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) because this is a criminal case, and the Federal Rules of Civil Procedure do not apply.

The Court denies the Motion to Set Aside Judgment pursuant to Federal Rule of Criminal Procedure 12(b)(3) for two reasons.  First, Federal Rule of Criminal Procedure addresses motions that must be made <u>before</u> trial (conviction).  Defendant has already pleaded guilty, been sentenced, and served her custodial sentence.  The Court also notes that the basis for her present motion (that the Court lacks jurisdiction to adjudicate this matter because there is an Irrevocable Trust)[1] would have been known to Defendant at all times during this criminal proceeding,

---

[1] The Court notes that, although Defendant indicates in her motion that Exhibit A is Irrevocable Trust Property," Exhibit A is a copy of her birth certificate and there is no evidence of any Irrevocable Trust attached to her motion.  For purposes of this Order, however, the Court assumes that such an Irrevocable Trust has existed at all times relevant to this proceeding.

including when the Information was filed, when she pleaded guilty, and when she was sentenced.

Second, in this criminal action, the Defendant individually, not any Irrevocable Trust, engaged in the misconduct that resulted in the crime charged. Even if the embezzled or stolen government funds were transferred to or deposited with the Irrevocable Trust, Defendant – acting as an individual – took the government funds from the victim and moved them to the Irrevocable Trust or otherwise caused the government funds to be routed to the Irrevocable Trust.

Having found that Defendant's motion lacks any merit, it is denied.

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside Judgment for Fraud on the Court [ECF No. 50] is DENIED.

IT IS ORDERED.

Dated: April 28, 2023

s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE