**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                    CRIMINAL CASE NO. 21-20491
                                      CIVIL CASE NO. 22-13149
v.                                       HONORABLE DENISE PAGE HOOD

TONYA TROWELL,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER**
**28 U.S.C. § 2255 [#38], DENYING CERTIFICATE OF APPEALABILITY,**
**and DISMISSING WITH PREJUDICE CIVIL CASE NO. 22-13149**

**I.    Introduction**

On July 28, 2021, Defendant was charged in a one-count Information with theft of government funds under 18 U.S.C. § 641. ECF No. 1. On October 13, 2021, Defendant pleaded guilty to Count 1 of the Information. ECF No. 11. On January 13, 2022, the Court sentenced Defendant to a term of 12 months and 1 day incarceration. On February 3, 2022, Judgment was entered in this case. ECF No. 19.

On December 28, 2022, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "2255 Motion"). ECF No. 38. The Government filed a response to the 2255 Motion. On February 15, 2023, Defendant was released from the custody of the Bureau of Prisons.

## II.   Legal Standard

### A.   Section 2255

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a).  A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

### B.   Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense."  U.S. Const. Amend. VI.  The Sixth Amendment guarantees a defendant the right to "reasonably effective assistance of counsel."

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*.  "There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  A "reviewing court must give a highly deferential scrutiny to counsel's performance."  *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).  Further, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

### III. Analysis

Defendant argues that she was denied the effective assistance of counsel, in violation of the Sixth Amendment, because: (1) Defendant's attorney told Defendant that, if Defendant pleaded guilty, Defendant would be sentenced to a non-prison (non-custodial) sentence; (2) Defendant's plea was involuntary because her counsel told Defendant that, if Defendant did not agree to the plea agreement, Defendant would go to prison for life; and (3) Defendant's attorney did not object at the sentencing hearing to the sentence imposed by the Court, "in violation of the Defendant's plea agreement and sentence recommendation." ECF No. 38. The Court is not persuaded by any of Defendant's arguments.

The Court finds that Defendant's first two arguments are undermined by: (1) the plea agreement; and (2) Defendant's responses to the Court's questions at her plea hearing on October 13, 2021. The written plea agreement – which Defendant signed and stated that she read and understood – did not provide for a specific sentence of imprisonment or that no imprisonment would be imposed. The plea agreement provided only that "[t]he Court will determine the defendant's guideline range [for the recommended term of incarceration] at sentencing." ECF No. 11, PageID.25.

At the plea hearing, the Court ensured that Defendant understood her constitutional rights, including the right to an attorney at all stages of her case. ECF

4

No. 46, PageID.359-63.  Defendant specifically responded "yes" when asked if she was "satisfied with her [attorney's] advice and services so far?" *Id.* at PageID.361.

The Court announced at the plea hearing that "the term of imprisonment is not to exceed ten years," *id*. at PageID.358, and confirmed that Defendant understood the possible penalties she faced if convicted. *Id.* at PageID.363.  The Court confirmed with Defendant (as well as her counsel and the Government's attorney) that: (a) the parties believed that her guideline range would be 12-18 months; and (b) her sentence would not be above the mid-point of the applicable guideline range, which the parties believed to be 15 months. *Id.* at PageID.365-66.  When the Court asked Defendant whether "anyone forced or threatened you [or anyone close to you] to get you to plead guilty," Defendant replied, "No, your Honor." *Id.* at PageID.366. And, when the Court asked Defendant whether she was "pleading guilty freely and voluntarily," Defendant responded, "Yes, your Honor." *Id.*

The Court concludes that the above statements contradict Defendant's contentions that she relied on the representations of her attorney that: (a) she would receive a sentence that included no prison time; and (b) if she failed to enter into the plea agreement, she would be sentenced to life in prison.  Specifically, the Court confirmed with Defendant that: (1) she understood that the anticipated guideline range for her period of incarceration was 12-18 months; and (2) Defendant was not

5

coerced or forced to plead guilty. The Court denies Defendant's arguments regarding the alleged representations of her attorney.

As to Defendant's contention that her attorney erred by not objecting to the sentence imposed because the sentence was in violation of the plea agreement and the sentence recommendation, the Court finds that the transcripts of the plea and sentencing hearings reveal why her contention is erroneous. First, the plea agreement did not specify a specific sentence – or even a specific guideline range. Second, at the plea hearing, the Court confirmed with Defendant (and the attorneys) that the anticipated guideline range for purposes of sentencing was 12-18 months, and this was the same guideline range determined to be applicable at sentencing.

Third, Defendant was sentenced to 12 months and 1 day, which is the low end of the guideline range, so the sentence did not violate the plea agreement or the sentence recommendation. Fourth, Defendant's counsel repeatedly urged the Court to impose a non-custodial sentence, including in her sentencing memorandum and at the sentencing hearing. *See* ECF No. 17, PageID.116, 128-30 (asking for no prison time); ECF No. 47, PageID.380 (asking for no prison time), 415 (asking for placement in a halfway house), 416 (asking for home confinement). Accordingly, the Court finds no merit in Defendant's suggestion that her counsel was ineffective in challenging the sentence imposed or that her counsel did not advocate for a non-custodial sentence.

For the reasons stated above, the Court denies Defendant's 2255 Motion.

## IV. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  In order to obtain a certificate of appealability, a defendant "must make a substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000); 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the defendant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted).  In other words, when a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court concludes that, with respect to each of the grounds asserted in her 2255 motion, Defendant has not shown (and cannot show) that "reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation and internal quotations omitted). Accordingly, for the reasons stated above, the Court finds that the issues raised by Defendant are without merit, and it will not issue Defendant a certificate of appealability.

V.     **CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Criminal Case No. 21-20491, ECF. No. 38, filed December 28, 2022] is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C § 2255 [Civil Case No. 22-13149] is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: April 28, 2023